



United States District Court
Northern District Of Illinois
Eastern Division

| | | |
|---|---|---|
| DeArius Johnson | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | |
| | ) | 13 C 4121 |
| Michael O'Leary   R. Eartly | ) | Judge Virginia M. Kendall |
| Brian Fink   M. Sovich | ) | Magistrate Judge Jeffrey Cole |
| V. Perillo   T. Whittmeyer | ) | |
| K. Passehl   T. Hannigan | ) | |
| R. Martin   J. Bostjancic | ) | |
| D. Alexander   L. Tomaleah | ) | |
| C. Yuhas | ) | |
| | ) | |
| DEFENDANTS, | ) | |

### COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. CODE

I. PLAINTIFF:

   A. DEARIUS JOHNSON

   B. NO ALIASES

   C. I.D # 2011-00000683

   D. WILL COUNTY ADULT DETENTION FACILITY

   E. 95 S. CHICAGO STREET, JOLIET, IL 60436-1745

II. DEFENDANT(s):

   A. DEFENDANT: MICHAEL O'LEARY
    TITLE: WARDEN
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

   B. DEFENDANT: BRIAN FINK
    TITLE: DEPUTY CHIEF
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

   C. DEFENDANT: V. PERILLO
    TITLE: DEPUTY SERGEANT/ INTERNAL AFFAIRS
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

   D. DEFENDANT: K. PASSEHL
    TITLE: DEPUTY SERGEANT/ AREA SUPERVISOR
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

   E. DEFENDANT: R. MARTIN
    TITLE: DEPUTY SERGEANT/ AREA SUPERVISOR
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

   F. DEFENDANT: D. ALEXANDER
    TITLE: DEPUTY SERGEANT/ CLASSIFICATION SERGEANT
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

   G. DEFENDANT: R. EARTLY
    TITLE: EMERGENCY RESPONSE TEAM MEMBER (ERT)
    PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

H. DEFENDANT: M. SOVICH
 TITLE: EMERGENCY RESPONSE TEAM MEMBER (ERT)
  PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

I. DEFENDANT: T. WHITTMEYER
 TITLE: EMERGENCY RESPONSE TEAM MEMBER (ERT)
  PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

J. DEFENDANT: T. HANNIGAN
 TITLE: EMERGENCY RESPONSE TEAM MEMBER (ERT)
  PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

K. DEFENDANT: J. BOSTJANCIC
 TITLE: EMERGENCY RESPONSE TEAM MEMBER (ERT)
  PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

L. DEFENDANT: L. TOMALEAH
 TITLE: EMERGENCY RESPONSE TEAM MEMBER (ERT)
  PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY

M. DEFENDANT: C. YUHAS
 TITLE: DEPUTY OFFICER/ SECURITY GUARD
  PLACE OF EMPLOYMENT: WILL COUNTY ADULT DETENTION FACILITY


III. PLAINTIFF DEARIUS JOHNSON HAS NEVER FILED ANY LAWSUITS IN STATE OR FEDERAL COURTS OF THE UNITED STATES BEFORE THIS CURRENT ONE

IV. STATEMENT OF CLAIM:

This lawsuit is predicated in part of 42 U.S.C § 1983, with the following counts: Sexual assault, Sexual harassment, Intimidation and threat, Improper strip search, and Intentional infliction of emotional distress. Plaintiff DeArius Johnson, a pretrial detainee held at the Will County Adult Detention Facility(WCADF) challenges the actions of defendants: Michael O'Leary, Brian Fink, V. Perillo, K. Passehl, R. Martin, D. Alexander, R. Eartly, M. Sovich, T. Whittmeyer, T. Hannigan, J. Bostjancic, L. Tomaleah, and C. Yuhas, whom are WCADF employees. All WCADF defendants are sued in their official and individual capacities. Plaintiff DeArius Johnson brings this action pursuant to 42 U.S.C § 1988, U.S.C § 2201, 2202, and Fed. R. c.v. P.57 and 65. Plaintiff DeArius Johnson has exhausted all of my administrative remedies per the PLRA. Plaintiff DeArius Johnson has escalated this issue up the WCADF's command chain and has received no relief.

On 3/22/13, I DEARIUS JOHNSON(2011-00000683) was housed in D-pod(dayroom 4 cell 37) and deputies Yuhas and Suggs were the assigned pod officers on the 3pm-11pm shift. At approximately 7:30pm, Emergency Response Team members Eartly, Sovich, Hannigan, Whittmeyer, Bostjancic, and Tomaleah, followed by deputy Yuhas and Sgt. Passehl, entered dayroom 4 and proceeded to come to my assigned cell(cell 37). Once in front of my cell, I was instructed by ERT Eartly to approach the door, in which I complied without commotion, once to the door, I noticed that Sgt. Passehl left the dayroom and proceeded to go into the D-pod office and stand there with the door slightly ajar. With ERT Eartly leading the other ERT's, he instructed me to turn around, get on my knees and place my hands behind my back, in which I complied without commotion. Before the cell door was opened, ERT Eartly asked,"Are we ready?", deputy Yuhas replied,"the camera is broken in this pod, so make it happen"(note:deputy Yuhas had the camera in his hand at this point and time but it was closed and pointing at the ground). With this response from deputy Yuhas, my cell door was opened and ERT Eartly proceeded to place my hands in cuffs, stand me up, and aggressively push/walk me to the opposite side of the the dayroom. ERT's Whittmeyer, Hannigan, and Bostjancic went into my cell and removed a reading book, a pair of socks( I had none on at this time), and a cup, once their search was complete, ERT Eartly once again aggressively pushed/walked me back to my cell and I instructed to get down on my knees and place my chest on the bed slab. Once down, I was surrounded by the ERT staff team once ERT Eartly began to take off my cuffs, he twisted my wrist as far as it would go and I asked, "could you stop twisting my wrist like that?", and he responded by slamming my head into the bed slab while ERT's Whittmeyer and Hannigan slammed their knees into my shoulders. After removing me from their hold, I was instructed to stand up and face them, in which I complied without commotion. Once up, ERT Eartly instructed me to take off my shirt(beginning my strip search), I responded by asking "why am I being stripped searched?", before I knew what was going on, ERT Sovich and Hannigan pulled their tasers and pointed them at me. I looked down and saw that one beam was on my crotch area and the other beam was on my chest, ERT Sovich said,"I'll shoot you in your fucking dick bitch if you ask another question", ERT Hannigan said,"I'll fry your fucking heart coward", while this was being said by the two ERT members, the rest of the present ERT's laughed and Bostjancic said,"yeah, I'd love to have fried nigger for dinner tonight". So, after having the tasers pointed at me, I complied with the strip search, after removing my underwear, ERT Whittmeyer said,"what they say about black men sure is true isn't it, look at that thing", I replied,"I'm not a homosexual and I don't play homosexual games", ERT Hannigan said," if you want that dick of yours I'd advise you to keep removing those clothes of yours". After being stripped, I went through the search procedure and once again I got to the part when the ERT's instruct inmates to squat down and cough, ERT Eartly instructed me to grab the bottom of the desk and place my

head onto the desk, in which I complied, he then instructed me to reach back and spread my buttocks and I did, when I spreaded my buttocks, a muffled voice in my cell said,"oh my, isn't that thing beautiful". At the end of the search, ERT Eartly instructed me to get on my knees and don't move until the door shuts and at this point and time a gloved hand slapped the top of my buttocks(note: they all were wearing gloves). At this time, I turned round and ERT Hannigan pointed his taser at me and said,"turn the fuck back around". Once the door shut, ERT Tomaleah said,"you are officially one of Will County's bitches", the rest of the ERT's and deputy Yuhas all laughed and exited the dayroom. Please note that during this incident, there 5 inmates in the dayroom who listened and witness this incident take place, those witnesses are:Clarence Knight(2012-9901), DeAndre McNair(2013-1001), Jamonni Anderson(2012-9134), Marquell Franklin(2013-1035), and Cornelius Brown(2012-9184)((Note:No rule violations were committed by me at this time of the above incident and my cell was the only cell searched out of the 8 cells in the pod.)

>1.)On 3/22/13, I (DEARIUS JOHNSON) filed a complaint/grievance about the said incident. Sgt. Passehl said the complaint was unfounded. Sgt. Passehl acted with deliberate indifference to my claim.(see exhibit A)
>
>2.)On 3/23/13, I(DEARIUS JOHNSON) requested to speak with a lieutenant about the said incident because the Sergeant refused to speak with me. Sgt. Passehl responded by saying that I never asked to speak with a Sgt. or Lt. at that time. Sgt. Passehl acted with deliberate indifference to my claim.(see exhibit B)
>
>3.)On 3/25/13, I(DEARIUS JOHNSON)requested to speak with a Lieutenant once again. Lt. Gordon came and spoke with me on 3/26/13 and claimed that a investigation was in effect.(see exhibit C)
>
>4.)On 3/25/13, I(DEARIUS JOHNSON) filed a appeal of grievance and reiterated the 3/22/13 incident. Deputy chief Fink claimed ignorance of the issue and Sgt. Perillo responded with a non-sensible answer, in which, neither he or the deputy chief addressed the issue.(see exhibit D-D1)
>
>5.)On 3/25/13, I(DEARIUS JOHNSON)requested an answer to my appeal of grievance. Sgt. Alexander did not submit my appeal and refused to address the issue. Sgt. Alexander acted with deliberate indifference to my claim.(see exhibit E)
>
>6.)On 4/8/13, I(DEARIUS JOHNSON)filed a grievance on an altercation with ERT Whittmeyer. Sgt. Martin responded that I suffered no loss of rights or privilege, but Sgt. Martin does not dispute that the incident occurred or that the threat was made. Sgt. Martin acted with deliberate indifference to my claim.(see exhibit F)
>
>7.)On 4/8/13, I (DEARIUS JOHNSON) submitted a grievance, this time citing a part of the Inmate Handbook about sexual harassment and being protected form the person(s) harassing you. Sgt. Martin acted with deliberate indifference to my claim.(see exhibit G)
>
>8.)On 4/12/14, I(DEARIUS JOHNSON)filed an appeal of grievance, thus exhausting my administrative remedies per the PLRA. Sgt. Alexander responded with "DUPLICATE" and did not address the issue. Sgt Alexander acted with deliberate indifference to my claim.(see exhibit H)

9.) On 4/15/13, I(DEARIUS JOHNSON) filed a grievance on deputy and ERT misconduct. Sgt. Alexander responded that my complaint was not valid. Sgt. Alexander acted with deliberate indifference to my claim.(see exhibit I)

10.) On 4/16/13, I(DEARIUS JOHNSON) requested to speak with the warden or deputy chief about the 3/22/13 incident. Sgt. Alexander replied that the warden or deputy chief were unable to speak with me, but my appeals were being processed. Sgt. Alexander acted with deliberate indifference to my claim.(see exhibit J)

11.) On 4/7/13, I(DEARIUS JOHNSON) asked to speak with a lieutenant because I was not getting any adequate remedy to my complaints/grievances. Sgt. Alexander acted with deliberate indifference to my request.(see exhibit K)

12.) On 4/17/13, I(DEARIUS JOHNSON requested a response back on my appeal from the deputy chief. He claims that he reviewed reports and the ceiling camera and found no wrong doing by staff.(see exhibit L)

13.) On 4/18/13, I(DEARIUS JOHNSON) filed a grievance on disrespect and harassment, explaining the fact that nothing was being done. Sgt. Alexander responded that my complaints have been dealt with according to policy. Sgt. Alexander acted with deliberate indifference to my claim.(see exhibit M)

14.) On 4/18/13, I(DEARIUS JOHNSON) filed a grievance about a altercation with ERT Bostjancic. Sgt. Passehl responded with a nonsensical response, she does not dispute that the incident occurred or that the comments and gestures were made, nor does she address the issue. Sgt. Passehl acted with deliberate indifference to my claim.(see exhibit N)

15.) On 4/18/13, I(DEARIUS JOHNSON) filed a fear of retaliation complaint. The deputy chief responded that he feels that I am not in danger and that he watched all related video and read all reports. Chief Fink did not address the issue properly. Chief Fink acted with deliberate indifference to my claim.(see exhibit O)

16.) On the dates of 3/23/13, 3/26/13, 4/25/13, I(DEARIUS JOHNSON) spoke with Sgt. Passehl(on the 23rd), Lt. Gordon(on the 26th), and Sgt. Perillo(on the 25th), I explained thoroughly the conversations that took place.(see exhibit P)

17.) On 4/12/13, I(DEARIUS JOHNSON) filed an appeal of grievance and still haven't received a response back after 15 business days. I explained the process of grievances.(see exhibit Q)

18.) On 5/5/13, I(DEARIUS JOHNSON) requested to receive a copy of the attached paper I wrote with an appeal of grievance that I never received(exhibit E). Sgt Alexander acted with deliberate indifference to my claim.(see exhibit R)

19.) On 5/13/13, I(DEARIUS JOHNSON requested to receive copies of 2 different pages from the Inmate Handbook concerning this matter. Sgt. Alexander acted with deliberate indifference to my request.(see exhibit S)

20.)ON 5/14/13, I(DEARIUS JOHNSON) filed a harassment complaint/grievance against deputy Yuhas. Other inmates who had the same exact violations as me, but received no lockdown time as I did, signed affidavits stating this, but the affidavits were sent back with "not acceptable" written on them. Sgt. Passehl also responded to my complaint with a rule that she say is stated in the Inmate Handbook, but there is no such rule. Sgt. Passehl does not dispute that the incident occurred or that the inappropriate comments were made, nor does she address the issue properly. Sgt. Passehl acted with deliberate indifference to my claim.(see exhibit T1-3)

21.)On 5/14/13, I(DEARIUS JOHNSON) filed a complaint/grievance about a altercation with ERT Whittmeyer. Sgt. Passehl responded that I should simply get out of my window if I don't want these alleged interactions with these deputies. Sgt. Passehl does not dispute that the incident occurred or that the inappropriate gestures were made, nor does Sgt. Passehl address the issue properly. Sgt. Passehl acted with deliberate indifference to my claim.(see exhibit U)

22.)On 5/14/13, I(DEARIUS JOHNSON)filed a grievance expressing once again my fear of retaliation because nothing was being done and these same officers kept up with harassing me. Sgt. Alexander responded with "Duplicate" and stated that I addressed this issue in two other matters. Sgt. Alexander acted with deliberate indifference to my claim.(see exhibit V)

23.)On 4/27/13, I(DEARIUS JOHNSON) filed an appeal of grievance to a response Sgt. Passehl sent me. On 5/20/13, a response to my appeal came form Deputy Chief Fink stating that he could transfer me to protective custody, however, he felt that I was in no danger. I never told Deputy Chief Fink that I feared inmates, but I did tell him that the ERT's and the deputy concerning this incident are the ones I feared of retaliation to my claim. Deputy Chief Fink acted with deliberate indifference to my claim and did not address this matter appropriately.(see exhibit W)

24.)Exhibits X and X-1 are copies of pg.29 and pg.33 of the Inmate Handbook. Pg.29-Inmate Grievance Procedure and Pg.33-Prison Rape Elimination Act(PREA). I typed these pages word for word out of the Inmate Handbook, I requested to have copies straight form the Handbook itself, but I was denied by Sgt. Alexander.

V. RELIEF:

Wherefore, the plaintiff(DEARIUS JOHNSON), requests this court to:(1) Assume jurisdiction over this case.(2) Declare that the WCADF defendants conduct violated my civil rights as protected by the United States Constitution, State of Illinois Constitution and 42 U.S.C§ 1983.(3) Enjoin defendants: Michael O'Leary, Brian Fink, V. Perillo, K. Passehl, R. Martin, D. Alexander, R. Eartly, M. Sovich, T. Hannigan, T. Whittmeyer, J. Bostjancic, C. Yuhas, and their agents, successors, and assigns from further harassment of me(DEARIUS JOHNSON).(4) Order the WCADF defendants to pay me(DEARIUS JOHNSON) compensatory and punitive damages in the maximum amount allowed by law.(5) Award me(DEARIUS JOHNSON reasonable attorneys' fees and cost in bringing this action pursuant to 40 U.S.C 1988.(6) Award me(DEARIUS JOHNSON) such further relief as may be just and proper.